BABNEY, Judge,
delivered the opinion of the court:
This is a suit by an officer of the Navy to recover additional pay at the rate of $200 a year while serving as aid to a rear admiral of the senior nine from October 1, 1910, to July 1, 1911, amounting to the sum of $138.89. The claimant’s rank during said period was that of lieutenant commander and therefore higher under the rule of assimilation than that prescribed by the Army pay law for an aid to a major general.
The claim is based upon the following provision of the Navy pay act of May 13, 1908:
“Aids to rear admirals embraced in the nine lower numbers of that grade shall each receive $150 additional per annum, and aids to all other rear admirals, $200 additional per annum each.”
Also upon the following provision of the Navy Regulations relating to the rank of the aids provided for in the statute quoted:
“ (a) A rear admiral, when ordered to command a division, may, at his discretion, nominate to the Secretary of the Navy a line officer not above the rank of lieutenant commander to serve as aid and a line officer not above the rank of lieutenant to serve as flag lieutenant.”
The above statute taken in connection with said Navy regulations is plain and unambiguous upon its face and would clearly appear to entitle the plaintiff to the rate of pay demanded. It is contended, however, that its construqtion is so modified by other provisions of law as to lead to a different conclusion.
Prior to the act of May 13, 1908, supra, the aids of rear admirals received by virtue of the assimilating clause of the Navy personnel act (30 Stat. L., 1007) the same additional pay as aids to officers of corresponding rank in the Army. Section 1098, Revised Statutes, prescribes the rank for aids to certain officers in the Army, and section 1261, Revised Statutes, provides for their rate of pay; but there is no specific provision of statute for the rank required for aids to admirals for such service.
*18 It was accordingly decided by the comptroller and by this court construing section 1098, Revised Statutes, together with the Navy personnel act, that only such officers in the Navy acting as aids to admirals as held rank corresponding to the rank prescribed for aids to officers of the Army were entitled to. additional compensation for such service. 14 Comp., 438; West v. United States, No. 28717, no opinion. The latter case arose and was decided before the enactment of the’act of May 13, 1908, supra.
Congress has since provided for the pay of all of the officers of the Navy, including aids to admirals, as above quoted. 35 Stat. L., 128. Hence the assimilating clause of the Navy personnel act has been superseded to that extent at least, and it is not necessary now to look further than the act of May 13, 1908, to determine the pay of officers of the Navy. By that act it is provided in specific terms that aids to “ all other rear admirals” (which would include the claimant) shall each receive $200 additional pay per annum.
The only question, then, reserved for decision is whether the claimant was properly appointed and qualified as such aid. It is argued for the defendants that as he held the rank of lieutenant commander during such service he can not recover such additional pay, because at that time officers of corresponding rank in the Army were not qualified to act as aids to majors general. This argument is deduced from the rule of assimilation under the Navy personnel act to which attention has hereinbefore been called. There would perhaps be conclusive force in this argument were it not for the fact that the Navy Regulations prescribe the rank of naval officers who may be assigned to duty as aids to rear admirals, and, as will be seen, the claimant comes within such regulations. The statute provides that the Secretary of the Navy, with the approval of the President, can make necessary regulations for the Navy, R. S., sec. 1547, and when the law provides for additional pay of aids to admirals it would seem both proper and necessary for the regulations to.provide under what circumstances such aids should be appointed and what should be their rank. There is no other branch of the Government service interested in the *19 rank of officers to be detailed for such service, and there is no law prohibiting the Secretary of the Navy, with the approval of the President, from determining that matter. When such regulations are promulgated they have the force of law. Gratiot v. United States, 4 How., 80; Ex parte Reed, 100 U. S., 13, 22.
It seems that formerly there was no provision of statute for aids in the Navy, though there was in the Army, but such selection of aids in the Navy was a subject of regulation only. Upon that subject it was said by this court in Crosley v. United States, 38 C. Cls., 83, 85:
“As the regulations are not drawn in question and no doubt arises as to the authority of the Secretary of the Navy, to make the regulations, the appointment of aids to rear admirals is as much authorized by law as the appointment of aids to generals under statute. Whether the aids are appointed under statute for one arm of the service or under regulations for another the results are the same as far as the character of the service is concerned.”
It would seem that if the Navy Regulations can provide for aids when there is no provision of statute for their appointment, certainly the regulations may designate their rank when the statute has made provision for their pay.
It follows from the foregoing that the claimant is entitled to the additional pay provided by statute at the rate of $200 per annum during the time he served as such aid to a rear admiral of the upper grade, and judgment in his favor is ordered in the sum of $133.89.